IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER ERIC NELSON,** | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-01897-SPM |
| IDOC, SHAWNEE CORRECTIONAL CENTER, and SGT BENARD, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Christopher Eric Nelson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Shawnee Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that on May 24, 2024, after being involved in a "minor staff assault" the previous day, Sergeant Benard retaliated against him by denying him lunch. (Doc. 1, p. 6). Bernard made it appear like he served Plaintiff lunch by placing an empty tray marked with Plaintiff's cell number through the food port.

### DISCUSSION

Plaintiff has failed to state a constitutional claim against any of the named Defendants, and therefore, his Complaint will be dismissed.

As to IDOC and Shawnee Correctional Center, neither entity is a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). A state agency also cannot be sued for prospective injunctive relief in federal court. See *Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

As to Sergeant Benard, the facts as pled do not amount to a constitutional violation. To proceed on a retaliation claim, a plaintiff must first allege he was engaged in an activity protected by the First Amendment. See *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012); *Manuel v. Nalley,* 966 F.3d 678, 680 (7th Cir. 2020). Here, Plaintiff is claiming that Benard retaliated against him due to his involvement in a staff assault. This assertion does not state a claim for retaliation, as involvement in a physical altercation with a member of staff is not protected by the First Amendment. See *Hawkins v. Mitchell*, 756 F. 3d 983, 996 (7th Cir. 2014) (a plaintiff must allege that the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation"). Furthermore, being denied a single meal is not the type of extreme deprivation of food that supports an Eighth Amendment claim for cruel and unusual punishment. See *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (inmate who "sometimes missed the morning meal" did not state Eighth Amendment claim); *Morris v. Kingston,* 368 F. App'x 686 (7th Cir. 2010) (no constitutional violation where inmate involuntarily missed 17 meals over 23 days and failed to show that he was severely harmed). For these reasons, Plaintiff has failed to state a claim for a constitutional violation, and the Complaint will be dismissed.

While the Court freely grants leave to amend for pro se litigants, it is convinced after

reviewing the Complaint that Plaintiff will not be able to present a valid Section 1983 claim premised on the events that transpired and the facts he has presented to the Court. *See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011). Accordingly, the Complaint will be dismissed with prejudice, and this case closed.

### DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as one of Plaintiff's three "strikes" under 28 U.S.C. §1915(g).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 9, 2024**

                                               s/Stephen P. McGlynn
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**